[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S POSTJUDGMENT MOTION FOR MODIFICATION (NO. 120)
The defendant has moved pursuant to § 46b-86 (a) for modification of the alimony order entered by the court at the time of the dissolution of the parties' marriage on March 31, 2000. The defendant in that motion alleges that he has been unemployed since September 2001 and alleges "Financial Hardship." The alimony order entered on March 31, 2000, was by agreement and was in the amount of $1049 per month ($23,412 per year).
Section 46b-86 (a) provides, in part, as follows:
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party.
(Emphasis supplied.)
The court finds a substantial change in the defendant's financial circumstances and grants the motion for modification.
A short history of this matter is necessary in reaching a decision in this matter. The parties were married in November 1974 in Santa Ana, California. There have been three children issue of their marriage only two of whom were minors at the time of the complaint served May 25, 1999: Brittany Catton born October 28, 1981, and Mary Catharine Catton born March 18, 1993. Only Mary Catharine was still a minor at the time of the decree in March 2000.
At the time of the dissolution, the plaintiff was unemployed. The plaintiff is now employed by a Public Relations Group and earns $400 net per week. At the time of the decree, the defendant was employed as a CT Page 2431 salesman for JTL Services earning $1,193 net per week. He also received rental income from a home in San Diego, California of $307 per week for a net weekly income of $1,501 per week. In September 2001, the division at JTL Services in which the defendant was employed closed so that he was out of work. He received unemployment compensation in the amount of $7,940 for the balance of the year. His total income for the year 2001 was $30,286 compared to a net income of $78,000 for the year 2000. In the latter part of 2002, the defendant earned $33,411 as an independent contractor doing consulting work for International Commodities Export Corporation. The defendant had no other meaningful employment for 2002. He is making himself available for whatever consulting work he can find. His field of expertise is corporate relocation including facility continuity.
At the time of the dissolution, the defendant had acquired a home equity line of credit of $100,000. He has borrowed $75,000 on this credit line. Including this $75,000, his liabilities total $108,150. Liabilities at the time of dissolution were $33,000 for an increase of $75,000. The conclusion is that he has incurred debt to continue to pay alimony as ordered at the time of the decree.
The court finds there has been a substantial change in the circumstances of the parties. The plaintiff has an increase in her annual net earned income of $19,700. The defendant has a decrease in his annual net income of $32,000.
The defendant is 52 years of age. While there has been no evidence of the plaintiff's age, she appears to be about the same age as the defendant. Both parties appear to be in good health. The court has considered all of the factors of § 46b-82 in fixing an amount of alimony based upon the parties' present financial circumstances. The court modifies the order of periodic alimony to reduce the sum from $1,951 per month to $1,042 per month in equal monthly installments.
All other terms of the parties' agreement of March 31, 2000, and the judgment of March 31, 2000 shall remain in full force and effect.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
CT Page 2432